# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| PEGGY SUE POTREBIC, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:13-CV-126-PRC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 32], filed on December 12, 2014. This matter became fully briefed on January 6, 2015.

After a final decision by the Agency that she was not disabled, Plaintiff filed an appeal with this Court, arguing that the administrative law judge (ALJ) who decided her case made a number of errors in evaluating her residual functional capacity (RFC) and in assessing her credibility. This Court issued a thirty-nine page Amended Opinion and Order on September 22, 2014, reversing the Commissioner's decision to deny benefits and remanding this case for further consideration. Plaintiff now asks for attorney fees under the Equal Access to Justice Act (EAJA).

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security if (1) the Plaintiff was the prevailing party; (2) the Commissioner's position wasn't substantially justified; (3) there are no special circumstances that make an award unjust; and (4) the application was timely and supported by an itemized statement. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (citing 28 U.S.C. § 2412(d)(1)(A), (B); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990)). The

Commissioner contends that fees are inappropriate in this case because her position (both in the litigation and in the administrative proceedings that led up to it) was substantially justified and because the requested fees are unreasonable.

The EAJA doesn't define what "substantially justified" means. Broadly put, the standard is met if there is a "'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Court must consider whether the Commissioner's "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (citing *Hallmark Constr.*, 200 F.3d at 1080). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See Pierce*, 487 U.S. at 568–69. Thus, a loss on the merits does not automatically constitute a lack of substantial justification. *See Id.* at 569.

As applied to Social Security appeals, the Seventh Circuit Court of Appeals has clarified the standard in two complementary cases: *Golembiewski*, 382 F.3d and *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006). These cases stand for the following:

> In general . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.

*Purvis v. Barnhart*, No. 1:04CV2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006)

2

(Hamilton, J.).

In considering substantial justification, the Court is to analyze the "position of the United States," which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. 28 U.S.C. § 2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The Court must undertake a global analysis of the Commissioner's position because whether that position was substantially justified will rarely be decided by a single issue. *See Hallmark Constr.*, 200 F.3d at 1080. The Commissioner bears the burden of proof in showing that her position was substantially justified. *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724.

While Plaintiff made many arguments on appeal, the Court found that only one required remand. That was for clarification of how the ALJ translated a finding that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace into an RFC determination that included limitation to simple, routine, and repetitive tasks.[1]

In explaining its decision, the Court stated that

> Generally, the medical evidence as well as the ALJ's discussion of that evidence appear to support the mental limitations in the RFC as accommodating Plaintiff's moderate difficulties in concentration, persistence, or pace. However, because the ALJ gave little weight to the opinion of Ann Lovko, Ph.D., the only medical source of record who translated a finding of moderate difficulties in concentration, persistence, or pace into functional limitations, remand is required for clarification of how the ALJ arrived at translating Plaintiff's mental

---

[1] In her opening brief, Plaintiff also appears to contend that, in addition to the error listed above, this Court reversed the ALJ's decision because he did not conduct a proper credibility analysis. While the Court did direct the ALJ to correct a handful of errors regarding credibility on remand, the Court found that the "credibility determination was not patently wrong." DE 31 at 32. In other words, the errors were not reversible. *See Shideler v. Astrue*, 688 F.3d 306, 310–11 (7th Cir. 2012) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504–05 (7th Cir. 2004)).

impairment into the RFC limitation.

DE 31 at 8. The Court noted the limitation to simple, routine, and repetitive tasks might be sufficient, but that "the disconnect in the ALJ's weighing of the opinion evidence leaves the Court unable to say that substantial evidence supports the ALJ's decision." *Id.* at 13.

Plaintiff contends that there was no reasonable basis for the ALJ's finding that she was limited to simple, routine, and repetitive tasks and that including this limitation violates longstanding Seventh Circuit Court of Appeals' precedent. In support of this she points to *Misener v. Colvin*, where the district court ruled that the RFC failed to account for the ALJ's conclusion that the plaintiff was moderately limited in concentration, persistence, and pace. No. 1:12CV036 JD, 2013 WL 6062709, at *1 (N.D. Ind. Nov. 18, 2013). The RFC limited the plaintiff to unskilled work and allowed for only brief interactions with others. *Id.* The court concluded that this limitation did not fully account for the plaintiff's difficulties with memory, concentration, or mood swings since the RFC would not alleviate the plaintiff's difficulties with concentration and restlessness. *Id.* In concluding that the Commissioner's position was not substantially justified, the court explained the ALJ's faulty analysis was not defensible because it failed to comply with legal precedent. *Id.* at *3 (citing *O'Connor–Spinner v. Astrue*, 627 F.3d 624, 620–21 (7th Cir 2010); *Stewart v. Astrue*, 561 F.3d 679, 684–85 (7th Cir. 2009); *Craft v. Astrue*, 539 F.3d 668, 677–78 (7th Cir. 2008)).

The error in this case was less severe. The Court expressly found that both the evidence in the record and the ALJ's analysis of that record appeared to support the mental limitations in the RFC as accommodating Plaintiff's moderate difficulties in concentration, persistence, or pace. The error was limited to a single portion of the RFC assessment, namely, the gap in *explanation* between the ALJ's weighing of the opinion evidence and the limitations listed in the RFC. This case presents

4

a situation closer to *Cunningham* than to *Golembiewski*. *See Cunningham*, 440 F.3d at 865 (The central problem was that "the ALJ failed to connect all the dots in his analysis."). This conclusion is bolstered by the other portions of the Commissioner's position, which contained no other reversible errors. The important point is not that Plaintiff's other arguments failed, but that a lengthy and detailed evaluation failed to turn up any other reversible errors. Moreover, the Court's language was mild: remand was "required for clarification of how the ALJ arrived at translating Plaintiff's mental impairments into the RFC limitation." DE 31 at 8; *see Golembiewski*, 382 F.3d at 724 ("Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." (citing *Marcus*, 17 F.3d at 1038)). Reasonable people could differ as to the appropriateness of this case, and the position of the Commissioner, both before and during this litigation, was therefore substantially justified.

Because fees cannot be awarded where the Commissioner's position was substantially justified, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 32] is **DENIED**.

SO ORDERED this 4th day of February, 2015.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record